THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, A MUNICIPAL CORPORATION OF NEW JERSEY, PETITIONER, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, RESPONDENT.

(Also Nos. 251 to 254, inclusive, bearing the same title.)

Argued October 5, 1938—Decided October 19, 1938.

Before Justices CASE, DONGES and PORTER.

For the petitioner, *Edward P. Stout.*

For the respondent, *David T. Wilentz,* attorney-general, *John Solan* and *Herbert Hannoch.*

The opinion of the court was delivered by

CASE, J. The city of Hoboken seeks a writ of *certiorari* to review (1) the action of the state tax commissioner in

making and certifying his valuation of the personal property of the Public Service Electric and Gas Company located in Hoboken and other municipalities made under the direction of chapter 8, *Pamph. L.* 1938, *p.* 26, for the purpose of having a unit of measure upon which to apportion and distribute the proceeds of the 1938 gross receipts tax, and (2) the constitutionality of the mentioned statute. It also seeks writs of *certiorari* to review the valuations made of the said company's personal property looking toward the distribution of the 1938 franchise tax and similar valuations, made for like purpose, of the personal property of the Public Service Co-ordinated Transport and of the New Jersey Bell Telephone Company with respect to the 1938 gross receipts and franchise taxes. But it briefs only the first named application, apparently with the idea, which we accept, that the determination in that case will be dispositive of the other cases.

The procedure sought to be reviewed is not the laying of the assessments for the purposes of taxation, nor is it the imposition of a tax. It is the machinery set up by the legislature for the division amongst the affected municipalities of the proceeds of certain state excise taxes laid upon a basis of which the valuations form no part; proceeds which the legislature, had it deemed wise so to do, might otherwise have disposed of. The statute contains provisions for an appeal to the State Board of Tax Appeals by any municipality aggrieved by the valuation. For the year 1938 the statutory requirement was that the commissioner should—as presumably he did—make his valuation and certify the same to the several municipalities not later than April 1st, 1938, and that the last date of appeal by any municipality would be the first Monday in May, 1938. Having failed to take an appeal and having allowed a full term of court to elapse, the city now seeks a review by means of our discretionary writ of *certiorari*. The need for prompt action becomes obvious when it is said that the portion of the excise tax which remains unpaid by the utility at the taking of an appeal or proceeding for review shall not become payable until thirty days after final deter-

mination or recertification of the apportionment; and this affects, it seems, not merely the litigating municipality but all other municipalities within the field of distribution. Further, it is incumbent upon one who has the right of appeal to avail himself of that remedy. One may not claim a deprivation of constitutional rights by ignoring the remedy provided for the alleged grievance. *Hackensack Water Co.* v. *Woodcliffe Lake,* 104 *N. J. L.* 48. We decline, therefore, to review any error alleged to inhere in the making and certifying of the valuations.

The actual apportionment of the fund, however, is of recent occurrence. There is not such clear provision for appeal as to it and no laches has arisen with respect to an application for a reviewing writ thereon. The city charges that the authorizing statute is unconstitutional in that the legislature could not lawfully delegate to the commissioner the power contained within the statute. We have concluded that that is a question which may properly be raised on the making of the apportionment. A writ should be allowed to review the apportionment with respect to the alleged unconstitutionality of the statute and to that only. This finding will apply to all of the petitions mentioned above.